# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DAWN M. LONG, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 5:20-cv-00871 |
| EMONEYUSA HOLDINGS, LLC and TRANSUNION LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** SANDY B. SOSNOWSKI ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of EMONEYUSA HOLDINGS, LLC ("eMoney") and TRANSUNION, LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendants conduct business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

1

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing the Western District of Texas.

6. Defendant eMoneyUSA Holdings, LLC is a company that provides high-interest installment loans to consumers operating from its principal place of business in Leawood, Kansas.

7. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

## FACTS SUPPORTING CAUSE OF ACTION

8. On or about May 17, 2019, Plaintiff obtained a high-interest installment loan from eMoney in the amount of $300.00 ("subject debt").

9. Subsequently thereafter, due to immense financial hardship, Plaintiff was no longer able to make timely payments on the subject debt.

10. In November 2019, eMoney agreed that it would release Plaintiff from any outstanding amounts owed on the subject debt, stating "eMoney USA shall waive Long's outstanding debt in the amount of two hundred and one dollars and eighty-three cents ($201.83), and shall delete any negative report made to a credit reporting agency regarding Long."

11. Both Plaintiff and eMoney memorialized this agreement in writing.

12. In February 2020, Plaintiff was interested in improving her credit, so she accessed her consumer report, and much to Plaintiff's surprise, TransUnion and eMoney continued to report the subject debt with a balance amount, a past due amount, and a derogatory notation of Charge-Off.

13. Plaintiff was perplexed by this reporting, as she and eMoney had explicitly agreed that the subject debt would be waived and the credit reporting deleted.

14. Consequently, on February 14, 2020, Plaintiff initiated a written credit dispute with TransUnion. Specifically, Plaintiff informed TransUnion of the following:

> There is an account incorrectly reporting on my credit report that needs investigating:
>
> 1) eMoney USA – Opened May 17, 2019
>
> Please review and delete pursuant to a legal agreement with eMoney USA in which they have agreed to delete the credit reporting of this account.
>
> Please verify with the Creditor [eMoney] and update my credit report.

15. Plaintiff sent this dispute via certified mail, return receipt requested. TransUnion received Plaintiff's dispute on February 21, 2020.

16. Upon information and belief, eMoney received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with TransUnion. *See* 15 U.S. Code §1681i(a)(2).

17. On July 9, 2020, Plaintiff accessed her Credit Karma Trans Union report.

18. Much to Plaintiff's chagrin, Plaintiff found that TransUnion was continuing to inaccurately report the eMoney trade line with multiple derogatory notations.

19. Specifically, Plaintiff's TransUnion report inaccurately showed the eMoney trade line with a Balance of $283, a Past Due amount of $283, the Payment Status as "Collection/Charge-Off," and Remarks of "Charged off as bad debt."

20. The reporting of the eMoney trade line is patently inaccurate and materially misleading pursuant to the written agreement entered into by Plaintiff and eMoney.

21. Despite having actual knowledge that Plaintiff had no obligation to pay on the subject debt, Defendants continued to report the subject debt as charged off, with a Balance, and with a Past Due Amount.

22. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

23. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and is thus a high-risk consumer.

24. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

25. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

26. On July 21, 2020, in an effort to remedy the continued inaccurate and incomplete reporting of the subject debt and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a Credit Report and Score for $29.95.

27. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her TransUnion credit file.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EMONEY)

28. Plaintiff restates and reallages paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

30. eMoney is a "person" as defined by 15 U.S.C. §1681a(b).

31. eMoney is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

32. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

33. eMoney violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion and Plaintiff.

34. eMoney violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by TransUnion and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

35. Had eMoney reviewed the information provided by TransUnion and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and transmitted the correct information to TransUnion. Instead, eMoney wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

36. eMoney violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with TransUnion.

37. eMoney violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

38. eMoney violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion credit files.

39. eMoney failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's TransUnion credit file within 30 days of receiving notice of the dispute from TransUnion under 15 U.S.C. §1681i(a)(1).

40. Despite the blatantly obvious errors in Plaintiff's TransUnion credit file, and Plaintiff's efforts to correct the errors, eMoney did not correct the errors or trade line to report accurately. Instead, eMoney wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

41. A reasonable investigation by eMoney would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's TransUnion credit file.

42. Had eMoney taken steps to investigate Plaintiff's valid dispute or TransUnion's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

43. By deviating from the standards established by the debt collection industry and the FCRA, eMoney acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

**WHEREFORE**, Plaintiff, DAWN M. LONG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing eMoney to immediately delete all of the inaccurate information from Plaintiff's TransUnion credit report and credit file;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

46. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

47. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

48. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

49. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

50. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

51. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

52. Plaintiff provided TransUnion with all relevant information in her request for investigation to reflect that she had no obligation on the subject debt.

53. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting a Balance of $283, a Past Due Amount of $230, reporting the Payment Status as "Collection/Charge-Off," and with Remarks of "Charged off as bad debt."

54. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

55. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

56. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to eMoney. Upon information and belief, TransUnion also failed to include all relevant

information as part of the notice to eMoney regarding Plaintiff's dispute that TransUnion received from Plaintiff.

57. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

58. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

59. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from eMoney that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

60. TransUnion knew that the inaccurate reporting of the subject debt would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

61. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

62. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

63. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

64. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

65. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

66. TransUnion acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put TransUnion on notice.

67. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

68. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff, DAWN M. LONG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 27, 2020

Respectfully submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com